UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BENITO MARTINEZ,** | * |
| Petitioner, | *  Civil Action No. 07-112 (JR) |
| | * |
| v. | * |
| | * |
| **ALBERTO GONZALEZ, et al.,** | * |
| Respondents. | * |

### RESPONDENTS' MOTION TO TRANSFER
### PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their motion to transfer petitioner's pro se Petition for Writ of Habeas Corpus to the United States District Court for the District of New Mexico (which is the court in which petitioner was sentenced).

In his habeas petition, petitioner challenges the legality of his conviction, but he does not challenge the execution of his sentence. The petition should be construed as a motion for post-conviction relief under 28 U.S.C. § 2255 and transferred to petitioner's court of conviction. However, before the Court can so construe petitioner's petition, this Court must advise petitioner of the consequences of this re-characterization and allow him an opportunity to respond. See, e.g., Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Palmer, 296 F.3d 1135, 1146 (D.C. Cir. 2002). In addition, petitioner should be given an opportunity to show why this case should not be transferred. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988).

**PROCEDURAL HISTORY**

Petitioner states that he pled guilty in the United States District Court for the District of New Mexico to various federal offenses, that he initially was sentenced on August 19, 2003 to 144 months' incarceration, and that on August 23, 2005, he was re-sentenced to 90 months' incarceration. A PACER docket printout confirms that defendant was indicted in case number 02-365-MCA-1 in the United States District Court for the District of New Mexico and that many of the proceedings in the case are sealed.

**ARGUMENT**

**I.    The Court Should Construe the Habeas Petition As A § 2255 Motion**

It is well settled that the caption of a pleading is not determinative of the nature of the relief sought. Thus, the federal circuit courts of appeal have uniformly held that pleadings which are the functional equivalent of a Section 2255 motion must be treated as such, regardless of the caption of the pleading. See, e.g., United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) (treating motion under Declaratory Judgment Act as Section 2255 motion); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (treating Section 2241 habeas petition as Section 2255 motion); cf. Brennan v. Wall, 100 Fed. Appx. 4, 5 (1st Cir. 2004) (treating motion filed under 28 U.S.C. §§ 1651 and 2241 as § 2254 motion); Byrd v. Bagley, 37 Fed. Appx. 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254"); Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997) (treating motion to recall mandate as Section 2254 motion); Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997) (per curiam) (treating Section 2241 habeas petition as Section 2254 motion).

Here, petitioner has filed his pro se petition pursuant to 28 U.S.C. § 2241. His petition challenges the legality of his conviction, but does not challenge the manner in which his sentence has been executed. The legality of a federal sentence may only be challenged under § 2255. Moreover, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined . . . [whereas] a 28 U.S.C. § 2255 [motion] attacks the legality of detention . . . and must be filed in the district that imposed sentence." Bradshaw, 86 F.3d at 166; Milton v. Wiley, 2006 WL 3706057, *1 (10th Cir. Dec. 18, 2006); see also Perkins v. Henderson, 881 F. Supp. 55, 59 n.4 (D.D.C. 1995) ("'It is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement'") (quoting Hartwell v. United States, 353 F. Supp. 354, 357-58 (D.D.C. 1972)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing). Hence, the Court should construe petitioner's habeas petition as a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, rather than as a habeas petition filed pursuant to 28 U.S.C. § 2241.

Accordingly, because the instant petition appears to constitute petitioner's first Section 2255 motion, this Court should transfer the petition to the United States District Court for the District of New Mexico, the court in which petitioner was sentenced. See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or

Case 1:07-cv-00112-JR     Document 10     Filed 05/22/2007     Page 4 of 6

laws of the United States . . . <u>may move the court which imposed the sentence</u> to vacate, set aside or correct sentence.") (emphasis added).[1]

## II.     Petitioner Should Be Given An Opportunity to Respond To The Re-Characterization Of His Habeas Petition

The Court may characterize petitioner's petition as a Section 2255 motion only if the Court informs the petitioners of its intent to do so, "warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." <u>Castro</u>, 540 U.S. at 376; <u>see</u> <u>also</u> <u>Palmer</u>, 296 F. 3d at 1146 (the district court "may recharacterize a post-conviction motion made under another rule of law as a § 2255 only if it first ensures that the movant is fully informed of § 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by recharacterization and the court offers the movant an opportunity to withdraw his motion"). Thus, petitioner should be given the following warnings concerning the consequences that may result from the characterization of his petition as a Section 2255 motion, and he should also be given the opportunity to withdraw his petition if he wishes to avoid these consequences.

<u>First</u>, 28 U.S.C. § 2255 requires that all claims attacking a conviction or sentence be brought in a single motion. A second or successive § 2255 motion must be certified by the appropriate U.S. Court of Appeals. 28 U.S.C. § 2255 ¶ 8. The Court of Appeals will not authorize a second or successive § 2255 motion unless it contains: (1) newly discovered

---

[1]     Petitioner should be given notice of the proposed transfer and an opportunity to be heard on the issue before the Court transfers his petition. <u>See</u> <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 814 (D.C. Cir. 1988) (prior to transfer, court should provide habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

4

evidence that would establish, by clear and convincing evidence, that the defendant is not guilty of the offense for which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review that was previously unavailable. Id.

Second, petitioner should be advised that Section 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6. The one year period of limitation requires a court to dismiss a Section 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction became final; (2) the date upon which the impediment to making a motion created by governmental action in violation of the Constitution of the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6.

Third, if petitioner's petition is characterized as a Section 2255 motion, he must be given the opportunity to withdraw the instant petition before it is so characterized. Additionally, petitioner should be warned that any motion attacking the legality of his conviction or sentence will be subject to the restrictions of Section 2255.

## CONCLUSION

For the reasons stated above, respondents respectfully request that the Court issue an order advising petitioner that it intends to recharacterize his petition as a Section 2255 motion

and to transfer that motion to the United States District Court for the District of New Mexico. Respondents also respectfully request that petitioner be given sixty days from the date of the Court's Order to: (1) withdraw the instant petition or agree to let the petition be characterized as a Section 2255 motion, and (2) state any reasons why the Section 2255 motion should not be transferred. A proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
D.C. Bar No. 498-610
United States Attorney

ROBERT D. OKUN
D.C. Bar No. 457-078
Chief, Special Proceedings Division

___/s/_____
MARGARET J. CHRISS
D.C. Bar No. 452-403
Assistant United States Attorney
555 4th Street, N.W.
Special Proceedings Division (10th Floor)
Washington, D.C. 20530
(202) 307-0874

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, this 22nd day of May 2007, I caused a copy of the foregoing Motion to Transfer Petitioner's Petition for Writ of Habeas Corpus and proposed Order to be served, first class mail, postage pre-paid, upon:

Mr. Benito Victor Martinez
Fed. Reg. # 21207-051
FCI Beaumont Low
P.O. Box 26020
Beaumont, TX 77720

___/s/_____
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BENITO MARTINEZ,** | * | |
| Petitioner, | * | Civil Action No. 07-112 (JR) |
| | * | |
| v. | * | |
| | * | |
| **ALBERTO GONZALEZ, et al.,** | * | |
| Respondents. | * | |

## ORDER

Upon review of petitioner's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 and the Motion to Transfer that respondents filed in response thereto, the Court has determined that the claims in petitioner's habeas petition may only be raised in a filing pursuant to 28 U.S.C. § 2255. Therefore, this Court intends to construe petitioner's habeas petition as a motion filed pursuant to 28 U.S.C. § 2255 and further intends to transfer this Section 2255 motion to the United States District Court for the District of New Mexico, which is the court in which defendant was sentenced.

However, before the Court re-characterizes petitioner's habeas petition, it must inform petitioner of some of the consequences that may result from the re-characterization of his petition as a Section 2255 motion and give him an opportunity to withdraw his petition if he wishes to avoid these consequences. Therefore, the Court is providing petitioner with the following advisement pursuant to Castro v. United States, 540 U.S. 375 (2003), and United States v. Palmer, 296 F.3d 1135 (D.C. Cir. 2002).

First, the law related to Section 2255 motions requires that all claims attacking a conviction or sentence be brought in a single motion. If the Court characterizes petitioner's petition as a Section 2255 motion, petitioner will not be able to file any additional motions challenging the legality of his conviction or sentence unless the appropriate U.S. Court of

Appeals authorizes him to file such a motion. Petitioner should be aware that the Court of Appeals will not authorize him to file a second or successive Section 2255 motion unless the motion contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that he is not guilty of the offense for which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review.

      Second, if the Court characterizes petitioner's petition as a Section 2255 motion, petitioner will be subject to the one-year period of limitation contained in § 2255. This period of limitation requires that a court must dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which petitioner's conviction becomes final; (2) the date on which any governmental interference preventing petitioner from filing such a motion is removed; (3) the date on which a right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting petitioner's claims could have been discovered if petitioner acted with reasonable diligence.

      Third, because of the consequences that may result if the Court characterizes petitioner's petition as a Section 2255 motion, the Court will give him the opportunity to withdraw his petition before the Court characterizes it as a Section 2255 motion. If petitioner decides to withdraw his petition and file another in its place, petitioner should be aware that any motion attacking the legality of his conviction or sentence will be subject to the restrictions on Section 2255 motions that the Court has described above.

If the Court characterizes petitioner's petition as a Section 2255 motion, the Court will transfer the motion to the United States District Court for the District of New Mexico, which is the court in which defendant was sentenced.

Accordingly, the petitioner will have 60 days from the date of this order in which to inform the Court whether: (1) he wishes to withdraw his petition or if he wishes to have the Court re-characterize it as a Section 2255 motion, and (2) there are any reasons why the case should properly be heard in this jurisdiction rather than in the United States District Court for the District of New Mexico. If the Court does not receive petitioner's response within 60 days after the date of this order, the Court will characterize petitioner's petition as a motion filed under 28 U.S.C. § 2255 and will transfer the case to the United States District Court for the District of New Mexico.

SO ORDERED.

_____, 2007            _____
                                                United States District Judge

Copies to:

Margaret J. Chriss
Assistant United States Attorney
555 4th Street
Special Proceedings Division
Washington, D.C. 20530

Mr. Benito Victor Martinez
Fed. Reg. # 21207-051
FCI Beaumont Low
P.O. Box 26020
Beaumont, TX 77720