Benito Victor Martinez /21207-051
F.C.I. Beaumont (low) Unit W/B
P.O. Box 26020
Beaumont, Texas 77720

**RECEIVED**

JUN 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

BENITO VICTOR MARTINEZ,           )
      Petitioner,               )
                        )
                        )
VS.                               )    CASE NO: 1:07-CV-00112-(JR)
                        )
ALBERTO GONZALES, et al.,         )
      Respondents,               )
_____)

<u>PETITIONERS OBJECTION TO RESPONDENTS MOTION TO TRANSFER</u>

BEFORE THIS HONORABLE COURT:

    COMES NOW, Benito Victor Martinez, the Petitioner, submits this motion, to appraise the Court of the following reasons, by through notice why this Court should not transfer to the United States District of New Mexico:

## PROCEDURAL HISTORY

    "We the People gave Congress power "to exercise exclusive Legislation [jurisdiction] in all Cases, over such District (not exceeding ten Mile square), and to exercise like authority [jurisdiction] over all "places purchased" by the consent of Legislative of the State in which the same shall be." U.S. Constitution, Art. I, Sec. 8, Cl. 17, District of Columbia and "places purchases" within the district in a union State and to "make all Laws which shall be necessary and proper." U.S. Constitution, Art. I, Sec. 8, Cl. 18, to regulate and

govern those **places purchased**, U.S. Constitution, Art. IV, § 3.

The United States District without authority to seat a grand
or petit jury, **28 U.S.C. § 1869(f)**, **United States District is not**
a "District Court" establish by **Chapter 5 of Title 28**, routinely
issue indictment which declare the location of the "offense" to
have been committed e.g.;"in the District of New Mexico" but fail
to indentify the "place" within the District. The "District" is not
a **"place purchased ."** Therefore, in order for the United States
District Court to enjoy venue, the place where the offense is al-
leged committed must be proven by the prosecutor to be "within jur-
isdiction of the United States" (a **place purchased** by the Federal
Government).

Petitioner states the fact it is a fundamental priciple of law
that there are two necessary elements to a crime or offense, where
(place) the offense is committed and what offense is committed. "It
is the locus of the offense is which determines jurisdiction not the
offense committed." **People vs. Godfry 17 Johns, 225 N.Y. (1819).**
Both elements must be proven to establish federal jurisdiction in
order to obtain sustain a conviction. Petitioner's indictment issued
from the United States District of New Mexico are offenses committed
on State, County, City or private property which Federal Criminal
Law does not apply, **F.R.Cr.P. Rule 4(c)(2), 18 U.S.C. § 5. 7(3).**

Petitioner contends that the government lacked Federal Subject
Matter Jurisdiction where no prohibitive acts or conducts of the
defendant moved beyond the borders of the sovereign State, not was
defendant indicted **via** the government's charging instrument, for an
alleged violation of the Federal Interstate Commerce Statute, thus
the federal government lacked subject matter jurisdiction, sine qua
non to the federal prosecutor of the offenses "alleged" against

the defendant.

Petitioner arrset prosecutional misconduct and plain error, **Rule 52(b) F.R.Cr.P**, in that the application was not the scope of **Rule 7(c) F.R.Cr.P.**, to the indictment in which was amendment to cure the alleged a nexus to commerce. See **United States vs. Knowles 29 F.3d. 947, 952 (5th Cir. 1994)**.

### HISTORY OF LAW

Our founding fathers were brilliant men who had seen the judicial injustice occuring in the much dreaded Star Chamber Courts, where judges acting without juries could perform outrageous deeds. Ambitious judges loyal to the crown and currying <u>executive</u> favor could and did become tools for tyranny. This is why due process and the importance of juries appaers in no less than three amendments - The Fifth, Sixth, and Seventh. In addition, the Northwest Ordinance was secured in its entirey by **Article VI, Cl. 1** of the Constitution making it <u>organic law</u> and part of the "Supreme Law of the Land"

> "The inhabitants of the said territory <u>shall</u> always be entitled to the benefits of the Writ of Habeas Corpus and of **trail by jury;** of a proportionate repersention of the people in the legislature, and of **judicial proceedings according to the course of the common law**... No man shall be deprived of his liberty or property but by the **judgment of his peer** or the law of the land.." **(Emphasis added)**

### Article 2 - Northwest Ordinance of July 13, 1787

Unfortunately, even though this petitioner is guaranteed due process by the Supreme Law of the Land, he did not have "Trial by jury" pursuant to the Sixth Amendment and **Article III** of the Constitution. Nor did this petitioner have "judicial proceedings according to the course of the common law." Finally petitioner has no chioce but to challenge Subject Matter Jurisdiction by using **28 U.S.C.**

/////-3-PETITIONERS OBJECT TO RESPONDENTS MOTION TO TRANSFER

Sec. 2241 of the Federal Rules of Civil Procedure since the benefits of the Writ of Habaes Corpus are even procedurally barred by the non-judicial executive District Court operating on behalf of the District of Columbia. The "appearance of justice" was not what the Framers had in mind when they drafted our Constitution. In perhaps the best written Supreme Court decision in the last one hundred years, Justice Scalia beautifully layed out the difference between common law in **Crawford vs. Washington, (2004) 541 U.S. 36, 158 L. Ed. 2d. 177, 124 S.Ct. 1354 Crawford** is drafted some two hundred years plus since our Constitution, yet the message remains the same. The importance that our founding fathers placed on due process must never be disregarded. **Crawford** while discussing the confrontation clause of the Sixth Amendment went onto condemn the civil law mode of criminal procedure which is currently in use by our Federal Justice System:

> (1)The confrontation clause had to be interpreted while keeping in mind the inference, supported by history that the **principal evil** at which the clause was directed was **the civil-law mode of criminal procedure...(Emphasis added)** **Crawford**, supra, 158 L.Ed. 2d. at page 179.

Just two months after **Crawford**, Justice Scalia once again demonstrated the importance of common law in another opinion he delivered:

> There is not one shred of doubt, however, about the Framers paradigm for criminal justice, **not the civil-law idea** of administrative perfection, **but the common-law idea of limited** state power accomplished by strict division between judge and jury. **(Emphasis added)** **Blakely vs. Washington, (2004) 542 U.S. 296, 159 L.Ed. 2d. at page 421, 124 S.Ct. 2531.**

The Supreme Court has been consistent when it comes to due proceess, the Fifth and Sixth Amendment, and sovereign rights protected by our Constitution. It is clear that due proceess is as important today as it was over 200 hundred years ago. It is also cited

/////-4-PETITIONERS OBJECT TO RESPONDENTS MOTION TO TRANSFER

in multiple Supreme Court cases, that without due process there is <u>no subject matter jurisdiction</u>, (i.e. See Johnson vs. Zerbst, (1938) 304 U.S. 458, 58 S.Ct. 1019).

Petitioner's 28 U.S.C. § 2241 adequately demonstrate, the most fundamental due procees rights that establish personal and subject matter jurisdiction were violated from the inception of the case.

There was no lawful Indictment Pursuant to the Fifth Amendment leaving the Charging Instrument <u>Void Subject Matter Jurisdiction</u> in the United States District of New Mexico.

## JURISDICTION of This ARTICLE III Court

While this petitioner's criminal case was conducted in an executive style Federal District Court utilizing the civil law mode of Criminal Procedure, on behalf of this legislative State of the District of Columbia, special **notice** should be taken to the **Article III** District Court of the United States pursuant to **Mookini:**

The Federal District Courts are Courts of very limited jurisdiction but nonetheless empowered to make a lawful determination as to the existence of subject matter jurisdiction, when the absence of it, would infringe on the substaintial rights of a sovereign citizen. **Such is the case here.**

That being said, petitioner presented his Civil Case **via** 28 U.S.C. Sec. 2241, due to a civil judgment (in a so-called criminal case), completely void of all subject matter jurisdiction. In essence this Civil Case is a "Writ of Error" or Writ of Right" sounding at law, not in equity. While this petitioner is looking for equitable relief, that is far different than a request for "in equity" relief.

Petitioner has never raised any of the jurisdction issues

contained within a **Sec. 2255** motion or direct appeal, due to the fact that petitioner is barred for taking that step. Therefore petitioner seek relief though **Sec. 2241**.

Under the 1976 Adoption of the "Rules Governing Section 2255 Proceedings", it is clearly stated, "a motion under 2255 is a futher step in the movant's criminal case and not a separate civil action." The moment the Court allows a **spearate civil docket number** to be entered on a simmitted Section 2255 motion, it is admitting that it a quasi-judicial entity which does not have the juristion to address the mamifest Constitutional injustice petitioner's 28 U.S.C. Sec. 2241 motion raises. For those who carefully read the law, not only is the assigning of a "designated related case" civil docket number, prima facie proof of the trial Court's lack of jurisdiction, the Rules Governing **Sec. 2255** Proceedings make it obvious that motions by **Sec.2255** have become an exercise in futility.

Simply compare **Rule No. 1 of F.R.Cr.P.**, which reqires filing into an **Article III District Court**, with **Rule No. 4 of F.R.Cr.P.**, which requires the clerk to forward the Sec. 2255 motion, to the judge **who conducted** the case and sentencing proceedings for sereening.

The sentencing Judge or "Judicial Officer", was not operatng pursuant to **Article III**, so complaince with **Rule No.1 of F.R.Cr.P.** is an impossibility, hence the assignment of the civil number, which isn't **<u>authorized</u>** in both the Sec. 2255 Statute or the Rules Governing **Sec. 2255** Proceedings. If anything,28 U.S.C. Sec. 2241 appears to be the modern day substitute for what Sec. 2255 was supposed to accomplish.

In addition, the burden of proof of demonstrating that sub-ject matter jurisdciction ever existed falls squarely on the shoulders

/////-6-PETITIONERS OBJECTION TO RESPONDENTS MOTION TO TRANSFER

of the respondents. Moveover, since subject matter jurisdiction is an essential fundamental element to any proceeding, the judge made doctrine of procedural default inapplicable and the District Court of the United States of Columbia does have jurisdiction to address the multiple due process violations of petitioner's Sec. 2241 raises. The "Erie Doctrine", the "Rule of Decision Act", and the 4 catagories of "Abstention" are equally inapplicable in this matter. Specialized Federal Common Law and both the written and unwritten policies of the State of the District of Columbia should enjoined.

## ARGUMENT

Article I, Sec. 8, Cl. 1-16 of the Constitution of the United States enumerate the powers granted to Congress by We the People.

Cl. 17 defines the boundaries wherein these **Places purchased** from the States by the Government.

> "to exercise exclusive Legislation in all Casse whatsoever, over District (not exceeding ten Miles square) as may, by Cession of particular States and the Acceptance Congress become the Seat of the Government of the United States and to exercise like Authority over all Places **purchased** by the Consent of the Legislature of the ~~state~~ in which the same shall be for the Erection of fort, magazines, arsenals, dock-yards, and other needful buildings."
>
> "to make all laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vest by this Constitution in the government of the United States, or in any Department or Office thereof."
> **(Emphasis added) Article I, Sec. 8, Cl. 17 and 18 of the Constitution of the United States.**

These boundaries, District of Columbia and **Places purchased,** where "Legislation" and "like Authority" (jurisdiction) may be exercised by the government, in America, have never been changed.

All Acts of Congress (Federal Statutes) are applicable, operate and are enforceable <u>only</u> **within** said boundaries, as set fouth in **Article IV, Sec. 3** of the Constitution. **Sec. 3** grants power to Congress to make **Rule and Regulations** for the administration of those **Places purchased** or otherwise acquired (territory).

> "The Congress shall have Power to dispose of and make all needful Rules and Regulation respecting the **Territory** or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any claims of the United States, or of any particular **State**." (**Emphasis added**) **Article IV, Sec. 3, of the Constitution of the United States.**

The Supreme Court in **O'Donoghue vs. United States**, clarified the word "territory" as it is used in **Article IV, Sec. 3**, distinguishing between property owned by the government and a government subdivision.

> "In this connection, the peculiar language of territorial clause, **Article IV, Sec. 3, Cl. 2**, of the Constitution, should be noted. By that clause Congress is given power 'to dispose of and make all needful Rules and Regulations respecting the territory or other Property belonging to the United Staes.' Literally the word 'territory' as there used, signifies property, since the language is not 'territory or property,' but 'territory or other property.' There thus arises an evident difference between the words 'territory' and 'a territory' of the United States. The former merely designates a particular part or parts of the earth's surface-the imperially extensive **real estate** holding of the nation; the latter is a governmental subdivision which happened to be called a 'territory' nut which quite as well could have been called a 'colony' or a 'province.'' (**Emphasis added**) **O'Donoghue vs. United States, 289 U.S. 516, 537 (1933).**

The government enjoys jurisdiction <u>within</u> a territroy and exercises authority <u>over</u> territory and other property it has acquired.

The English language is difficult at times because the same word or term can have diverse meanings depending upon the context in which it is used. as the Supreme Court clarifies words, so it does terms; as is the case with the term "United States." In **Hooven & Allison Co. vs. Evatt**, the Supreme Court declares the term "United States" has three meanings.

> "The term 'United States' may be used in any one of several senses. It may be merely the name of a sovereign occupying the position analogous to that of other sovereigns in the family nations. It may designate the **territory** over which the sovereignty of the United States extends, or it may be collective name of the which are united by and under the Constitution." **(Emphasis added)** Hooven & Allison Co. **vs.** Evatt, 324 U.S. 652, 672, (1945).

Congress when writing law and faced with using a term of commonly know usage and meaning, if a different meanign is intended, is careful to define the term and it's intended meaning within the law; and according to a Supreme Court decision, if one exists. The term "United States" being clarified in 1945 by the Supreme Court in **Hoven**, as set fouth above, Congress incorporated the territorial usage of the term to define the limits (places and waters) of federal jurisdcition in the Federal Criminal Code, of June 25,1948, **Title 18 United States Code (U.S.C.):**

> 18 U.S.C. Sec. 5 United STates defined "The term 'United States" as used in the title in a **territorial** sence, includes all places and waters, continental or insular, subject to the jurisdiction of the United States except the Canal Zone." **(Emphasis added)**; and

in the Controlled Substances Act of Octber 27, 1970, **Title 21, U.S.C.,**

21 U.S.C. Sec. 802 as used in this subchapter; (28) The term "United States" when used in a geographic sence, means all places and waters, continenal or insular, subject to the jurisdiction of the United Staes.

Congres then identifies the places and waters the term "United States" is meant to include and over which federal jurisdiction extends, by essentially reatating the authority granted by **Article I, Sec. 8, Cl. 17** of the Constituion.

18 U.S.C. Sec. 7; Special maritime and **terrotorial** jurisdictin of the United States, defined; (3) any lands reserved or acqured for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any **Place purchased** or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be for the erection of a fort, magazine, arsenal, dock-yard, or other needful building. **(Emphasis added)**

In 1957, at the request of **President Dwight D. Eisenhower**, a committed assembled by **Herbert Brownell Jr., Attorney General** of the United States, reported in the publication "Jurisdiction over Federal Areas within the States; Report of the Interdepartment Committee for the Study of Jurisdiction over Federal Areas within the States, Part II and support by a plethora of evidence in the myriad of cited Court Case Documented the fact that Congress cannot exercise exclusive jurisdiction <u>outside</u> territories or land or purchased, or ceded by, any of the union States. Which petitioner has provide in Judicial Notice.

Petitioner state it is abundantly clear that the federal government only has jurisdiction over Federal Property, i.e., Washington, D.C., territories, insular possessions and enclaves within the States as coming under **Article I, Sec. 8, Ci. 17** of the Constitution of the United States; and all other land masses, the federal government

has no lawful legislative or judicial jurisdiction. There, petitioner bring **28 U.S.C. Sec. 2241** issue of federal jurisdiction to this Court of **Article 3**, due to fact that United States of Columbia is a Constitutional Court to rule on petitioner's issues. As to United States District of New Mexico has no **Article 3** Court, and lacks Constitutional authority to rule on petitioner's issues.

In order to futher insure ther is no confusion as to where federal laws do and don't apply, Congress authorized the Supreme Court in 1937 to make rules for the District Courts in Guam, the Northern Mariana and Virgin Islands, **F.R.Cr.P. Rule 54(a)**, subject to Congressional approval; the **F.R.Cr.P.**

Congress has mandated that **Title 18 U.S.C.** utilize the **Federal Rules of Criminal Procedure (F.R.Cr.P.)** to govern procedure in all "Criminal Proceedings," **Rules 54(b)(1)(4)**, 18 U.S.C. Sec. 3001.

**F.R.Cr.P. Rule 54** "Application and Exception" defines the term used in the rules and determines where the federal laws apply and which Courts may use the rules, e.g.

> "54(c) 'Act of Congress' includes any Act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in territory governmental subdivision **O'Donoghue**, id. 'District Court' includes all District Courts **named** in subdivision (a) of this rule." (**Emphasis added**)
> "54(a) Courts. These rules apply to all criminal proceedings in the United States Court; in the District Court of the Virgin Islands; in the United States Courts of Appeals; and in the Supreme Court of the United States."

**Rule 54(c)** expresses the intent of Congress that **Title 18 and 21**, as well as other "Act of Congress" are only to be applied and enforce "within the jurisdiction of the United States," e.g., **F.R.Cr.P. Rule 4**, Arrest Warrant or Summons on Complaint, which defines the terrial limits of service of a summons and execution of arrest warrant

/////-11-PETITIONERS OBJECTION TO RESPONDENTS MOTION TO TRANSFER

as being within a place subject to the jurisdiction of the United States.

> "**Rule 4(c)** Executed or Served, Return (2) Location. A warrest may be executed, or a Summon served **within** the jurisdiction of the United States or anywhere else a federal Statute authorizes an arrest." **(Emphasis added)**

Which means an arrest warrest or summons may <u>not</u> be executed or served <u>without</u> (outside) the jurisdiction of the United States or any where else a federal Statute authorizes an arrest.

Curious as to where else F.R.Cr.P. Rule 4(c)(2), "a federal Statute authorizes an arrest?"

The advisory notes provide that information,

> "**Rule 4(c)**, (current Rule 4(d)) includes three changes. First, current **Rule 4(d)(2)** states the trandititional rules recognizing the **territorial** limits for executing warrest, **Rule 4(c)(2)** includes new language that reflects the recent enactment of the Military Extraterritorial Jurisdiction Act (Pub. L. No. 106-523 114 Statute 2488) that permits arrest of certain military and Department of defense personnel overseas. See Also 14 U.S.C. § 89 (Coast Guard authority to affect arrest outside territorial limits of the United States)." **(Emphasis added) Advisory Committee notes - 2002 Amendments.**

Arrest <u>without</u> a warrest may only be made in accordance with F.R.Cr.P. Rule 4(c)(2) and only if a felony is committed in presence officer.

Even though Congress strives to avoid confusion, not so the Advisory Committee, as the version of **Rule 4(d)(2)** prior to the changed in 2002, was much more clear; hower, the substance remains unchanged;

"Rule 4(d) Exection or Service, and Return (2) **Territorial** limits. The warrant may be executed of the summons may be served at any **place** within the jurisdiction of the United States." F.R.Cr.P. **Rule 4(d)(2)** prior to 2002 (**Emphasis added**)

Even though **F.R.Cr.P. Rule 54(a)** and 18 U.S.C. § 23 and 28 U.S.C. § **1404(d)**, § **1406(c)**, specify the Courts of the United States (at the trial court level) to which the Rules apply, more information as to the inapplicability of the Rules to "Criminal Proceedings" prosecuted in a United States District Court within a union state is available.

Congress, aware it lacks Constitutional authority to extend federal law into a union state, "without the jurisdiction of the United States," 18 U.S.C. § 5, to State, County, City or private property and to State Citizens, <u>never</u> intended that **Title 18** or any other Acts of Congress with felony penalties attached be enforced in a union state against non-governmental personnal, 28 U.S.C. § 535.

Long standing practice notwithstanding, the **Federal Criminal Code** U.S.C. **Titles 8, 15, 18, 21, 26, 28, 31, 41, 46 and 49** is not applicable and not enforceable <u>outside</u> the "United States" as that term is defined in **18 U.S.C. § 5**i.e., <u>inside</u> a State, County, City or private property.

"It is obviously correct that no one acquires a vested or protected right in violation of the Constitution by long use, even when that span of time covers our entire National existence and even predates it." **Walz vs. United States, 493 U.S. 343.**

To enforce federal law within a union state violates a citizen's rights under the **Fourth and Fifth Amendments** of the Constitution; right to be secure in Person, house, paper and effects against unreasonable search and seizure; and due procees. A United States

District Court is not competent to issue a search or arrest warrant unless offense and arrest is to be found within federal property.

Petitioner states it is fundamental principle of law that there are __two__ elements to every offense which must be establish in order to determine venue, **28 U.S.C. § 1404(a), § 1406(a),** (court with territoral jurisdiction to try the case); __where__ (place) the offense was allegedly committed and __what__ offense is allegedly committed. The "what" is the statutory law prohibiting the conduct alleged, enacted by the legislature of the forum, States or Federal. The "where" is the determining factor for jurisdiction of the court forum.

The First Congress met in 1789 and passed into law the Judiciary Act, September 24, 1789, confirming this principle of law;

> "It is the **place** of seizure, and not the committing of the
> offense, that, under the Act of September 24, 1789, give
> jurisdiction to the court; **4 Cranch, 443, 5 Cranch, 304;** for
> until there has been a seizure, the forum cannot be ascert-
> ained, **9 Cranch, 289. (Emphasis added)**
> It is the locus of the offense and not the offense committed
> which determines jurisdiction." **People vs. Godfry, (Cir.1880)**
> **17 Johns. 235. 243 (NY 1819).**

The location of the offense determines which court can try the case; if the offense is committed on federal property, a Court of the United States has venue, **18 U.S.C. § 23; 28 U.S.C. § 1404(a); § 1404(d); 28 U.S.C. § 1406(a), § 1406(c).** If the United States Attorney seeks and bring an indictment - in a United States district Court located in a State - for an offense against the laws of the United States committed on State, County, City or private property, the United States District Court lacks authority, (jurisdiction and

venue) and the case must be dismissed when this fact is made known. In almost all but a few rare cases, the United States District Court within a State lacks venue for serveal reasons;

1. The offense was not committed within the "terrorial juris-diction of the United States.

2. The Federal Criminal Laws do not apply <u>outside</u> of the terr-itoral jurisdiction of the United States, 18 U.S.C. §§ 5,7(3) **Article I, § 8, Cl. 17 U.S. Constitution.**

3. The Federal Rule of Criminal Procedure upon which the Federal Criminal Laws depend on 18 U.S.C. § 3001, do not authorize the United States District Court to use the Rules or to effect arrest or serve summons outside of the jurisdiction of the United States, F.R.Cr.P. 4(c)(2).

4. The United States District Court lacks Congressional authority to inflict punishment of imprisonment for a term of more than six months.

> "And be it futher enacted, That the district courts shall have exclusive of the courts of the several States, cog-nizable under the authority of the United States, committed within their respective districts, or upon the high seas; where no other punishment than whipping, not exceeding thirty stripes, a fine not exceeding one hundred dollars, or a term of imprison-ment not exceeding six month is to be inflicted." I Statute 9, **First Congress, Sess. I, Chapter 20, 1789.**

5. The United States District Court can only imprison a Person pursuant to an Act of Congress, 18 U.S.C. § 4001(a); "No citizen be imprisoned or otherwise detained by the United States except pursurant tn an Act of Congress."

And Acts of Congress are applicable only within "the United States" as that term is defined in the Federal Criminal Code **18**

U.S.C. § 5, 21 U.S.C. § 802(28) and evidenced in F.R.Cr.P Rule 54 (c), F.R.Cr.P. Rule 54(c) Acts of Congress locally applicable and in force in District of Columbia, Puerto Rico, territories and insular possession.

As mandates by the Supreme Court in **Kokkonen**, authority of federal courts is limited by the Constitution and Congress.

> "Federal courts, as courts of limited jurisdiction, posses only such authority as is conferred to them by the Constitution and Acts of Congress and this authority cannot be expanded by judicial decree." **Kokkonen v. Guardian Life Ins.** 511 U.S 375, 377 (1994).

As set fourth above, it is a fundamental principle of law that the location of the offense determines jurisdiction, e.g., if scene of offense is on federal property - United States has jurisdiction and may arrest and prosecute; and if scene is on private or state property the states has jurisdiction to arrest and prosecute.

The government must plead in the indictment the date, time and place of the alleged offense, e.g. the "on or about" and "In the District of New Mexico and else" statements not being sufficient. The Rules provide evidence that the scene of the offense is an essential element of the offense. although hidden in ambiguous terminology. If the time, date and place is not disclosed, a denial of due process exist. **F.R.Cr.P. Rule 12.1**, Notice of an Alibi Defense;

(a) Government's Request for Notice and Defendant's Response.

(1) Government's Request. An attorney for the government may request in writing that defendant notifiy an attorney for the government of an alibi defense. The request must state the **time, date** and **place** of the alleged offense.

(b) Disclosure. If the defendant serves a **Rule 12.1(a)(2)** notice an attorney for the government must disclose in writing to the defenant or the defendant's attorney;

(A) the name, address, and telephone number of each witness

the government is to rely on to establish the defendants
presence at the scene of the alleged offense."
"If the government fails to trigger the procedure and
if the defendant raise an alibi defendse at trial, then
the government cannot claim surprise and get a continuance
of the trial." Advisory Committed Notes, 1995 Enactment.

Therefore, petitioner shows this Court that government failed
to follow the Rules as shown above by placing the time of offense
on the indictment out of the United States District of New Mexico.
See (Exhibit A).

Petitioner states the reason followed to show the Court that
a Section 2255 is inapplicable for the issues of subject matter
jurisdiction to transfer to the United States District Court of
New Mexico.

With the amended section 2255 thus applicable to this case,
the appellants confront the bar in that section (a holdover from
the pre-amended statute) against a prisoner's seeking habeas cor-
pus if he is authorized to apply for relief under 2255, that is,
if he is a federal prisoner. The appellants invoke the exception
for cases in which the remedy under that section "is inadequate
or ineffective to test the legality of his detention." If it is,
the prisoner can seek habeas corpus under 2241. Congress did not
change this language when in the Antiterrorism Act it imposed
limitations on filing of successive 2255 motions. The retention
of the old language opens the way to the argument that when the
new limitations prevent the prisoner from obtaining relief under
2255, his remedy under that section is inadequate and he may turn
to 2241. That can't be right; it would nullify the limitations.
Yet to hold that a federal prisoner may never use 2241 would read

out 2255 the express permisson to do so if the remedy created by
2255 is inadequate or ineffective to test the legality of the pri-
soner's detention --unless it is never inadequate or ineffective,
and so let us consider that possibility.

Before 2255 was enacted in 1948, federal prisoners, like state
prisoners , who wanted to mount a co;;ateral attack on their con-
victions or sentences had to file a petition for habeas corpus in
the district court for the district in which they were imprisoned.

Petitioner did not file his 2241 in the district of his impr-
isonment due to the fact that the District Court is not a **Article
III Court** as for the District of Columbia is a **Article III Court**
for the issues of Constitutional Law.

Federal prisons were concertrated in few district, and dist-
rictjudges in these district were flooded with petitions. The pur-
pose behide the enactment of section 2255 was to change the venue
of postconvictions proceedings brought by federal prisoner from
the district of incarceration to the district in which the prison
had been sentence. **United States v. Hayman, 342 U.S. 205, 212-19,
72 S.Ct. 263, 96 L.Ed. 232 (1952).**

Because the Constitution forbids the suspension of the Writ
of Habeas Courpus except in a situation of rebellion or invasion,
**U.S. Const. Art. I, § 9, Cl. 2,** outright abolition of habeas cor-
pus for federal prisoners might conceivably have been  held to
violate the Constitution. Whether for this  or other reasons (the
legislative history is uninformation), Congress created a safety
hatch; if section 2255 proved in a particular case not to be an
adequate substitute for habeas corpus, the prisoner could seek
habeas corpus. This would block any argument that Congress was

was suspending the writ.

This background, santy as it is, may explain why Congress in enacting the Antiterrorism Act retained the safety hatch. (Again, there is no helpful legislative history.) If in a particular case section 2255 as amended by the Act does not provide an adequate substitute for habeas corpus, the prisoner can seek habeas corpus, and so he cannot complain that the limitations in section 2255 suspended whatever constitutional right he might have had, under the suspension clause or conceivably under the due process clause, to be allowed to seek habeas courpus. In re Daveport Cite as 147 F.3d 605 (7th Cir. 1998).

To decide what "adequacy" means (or, more realistically, what it should mean) in this context requires determining what the essential function of habeas corpus is and whether it is impaired in the circumstances before us by the limitations on the use of the remedy provided in section 2255. The essential function is give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamential legality of his conviction and sentence. Carafas v LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 l.Ed.2d 554 (1968); Price v Johnston, 334 U.S. 266, 283, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).

Subsection § 2255, of Title 28 of the United States Code, is inapplication and  without the force or effect of law where it is shown not to have been enacted by Congress, into Federal Law. The Congressional Records, Vol. 94-Part 7 (June 15, 1948 to June 19, 1948), pp. 8229-9169, and Vol. Part 8, (July 26, 1948 to December 31, 1948), pp. 9353, reveal that Congress was not in assembled in session on the date(s) that Title's 3, 18, 21, and 28 are purported to have been enacted into Law by Congress.

/////-19-PETITIONERS OBJECTION TO RESPONDENTS MOTION TO TRANSFER

The United States District Court of the District of New Mexico, wherein the cause herein complained of, arose, is shown to Executive Tribunal, without **Article III**, judicial authority. This assertion is supporyed by consulting Supreme Court Rule 45, the Revised Statutes of 1878, The Judicial Act of March 3, 1911, Executive Order 6166, **Balzac vs. Puerto Rico, (1922). Mookie vs. United states, (1938).** Thus, not authorized to entertain the cause now before the Court.

Understanding that the term and "United States" as used in Federal Criminal Code means "Federal government" and that the authority of the federal government is limited to specific physical geographical locations (places purchased or otherwise auquired by the United States).

"Jurisdiction is fundamental - without it, courts cannot proceed at all in any case." **Ruhrgas vs. Marathon Oil, 526 U.S. 574 (1999).**

Futher, a violation of civil rights 18 U.S.C. § 241, § 242 occurs.

A civil right violation nullifies any subsequent court actions/judgments as of the date and time of the violation, e.g., date of "arrest"; and the case may be dismissed upon request of either party.

Thus the Ciurt in similar matters **(Comonn Law Writ of Habeas Corpus)**, appears to be resorting to inapplicable statutory provisions to recharactorizing and removing the cause of petitioner's § 2241, to a Court, which the Court knows lacks the authority under **Article III**, to entertain the matter at hand. Thereby the sustainment of unlawful Conviction and term of imprisonment **via** subterfuge and non-compliance withthe Law (a Malum In Se Crime?), whereby the Accused/Petitioner is deprived a remedy in law to redress a grievance.

/////-20-PETITIONERS OBJECTION TO RESPONDENTS MOTION TO TRANSFER

It is the foregoing, and following reasons that the Petitioner has brought his instant cause **under the common law, Writ of Habeas Corpus,** and invoke the venue and jurisdiction of an **Article III,** Constitutional Court.

Futher, Petitioner is barred from filing either a direct appel or **28 U.S.C. § 2255,** due to restrictions placed on him Pursuant to plea agreement from petitioner trial Court. Therefore a **28 U.S.C. § 2255** being for closed to petitioner it is also inadeqate for petitioner post conviction relief. A **28 U.S.C. § 2241** is the only avenue available to petitioner. Requiring that a Court decide an issue it is a party to, is violative of due process denying petitioner a meaningfull opportunity to correct judicial error.

Therefore, Petitioner's § 2241 should not be recharactorized as a § 2255.

**Wherefore,** the undersigned respectfully prays that, it is incumbent upon this Court, in the interest of justice, by through this response, as a neutral party between Petitioner and Respondents, to continue with the Order of Show Cause that was Order on Feb. 9, 2007, why Writ of Habeas Corpus should not issue. Based upon the fact and points raised in Writ itself.

Date:June 18, 2007.

Benito V. Martinez

Benito V. Martinez Pro Se

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 1 2 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

*Robert Mcmack*

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>BENITO MARTINEZ, JR.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CRIMINAL NO. 02-365 MCA

**COUNT I:** 21 U.S.C. § 846,
Conspiracy.

**COUNT II:** 21 U.S.C. § 841(a)(1) and
21 U.S.C. § 841(b)(1)(C), Distribution
of less than 5 Grams of
Methamphetamine.

## INDICTMENT

The Grand Jury charges:

### COUNT I

From in or about January 1998, the precise date being unknown to the grand jury, up to and including the date of the return of this Indictment on March 12, 2002, in Bernalillo County, in the State and District of New Mexico, and elsewhere, the defendant, **BENITO MARTINEZ, JR.**, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with other persons whose names are known and unknown to the grand jury to distribute and possess with intent to distribute controlled substances, to wit: 5 kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and quantities of methamphetamine and marijuana.

### Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators, both and indicted and unindicted, committed, among others, the following overt acts in the District of New Mexico and elsewhere:

1.    On or about June 8, 1998, a person known to the grand jury possessed a quantity of cocaine in the District of New Mexico with the intent to distribute it.

(EXHIBIT A )

2.      On or about March 30, 1999, a person known to the grand jury drove a vehicle containing a quantity of marijuana across the border from Mexico into the United States at El Paso, Texas.

3.      On or about March 29, 2000, a person known to the grand jury drove a vehicle containing a quantity of marijuana across the border from Mexico into the United States at El Paso, Texas.

4.      On or about October 14, 2000, a person known to the grand jury possessed a quantity of cocaine in the District of New Mexico with the intent to distribute it.

5.      On or about February 5, 2002, the defendant, BENITO MARTINEZ, JR., distributed less than 5 grams of methamphetamine to a person known to the grand jury.

In violation of 21 U.S.C. § 846.

## COUNT II

On or about February 5, 2002, in Bernalillo County, in the State and District of New Mexico, the defendant, **BENITO MARTINEZ, JR.**, unlawfully, knowingly and intentionally did distribute less than 5 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

DAVID C. IGLESIAS
United States Attorney

) T
03/08/02 8:49am

2