UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENITO VICTOR MARTINEZ, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 07-0112 (JR) |
| ALBERTO GONZALES, et al., | ) |
| Respondents. | ) |

ORDER

Before the Court is respondents' motion to transfer petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court is not bound by a *pro se* litigant's characterization of his cause of action. A court must determine the proper characterization of a filing by the nature of the relief sought, *McLean v. United States*, No. 90-318, 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006), i.e., "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003). Therefore, a motion functionally equivalent to a 28 U.S.C. § 2255 motion should be construed as such, regardless of the caption on the pleading. *United States v. Palmer*, 296 F.3d 1135, 1145 (D.C. Cir. 2002).

After reviewing the petition and the respondents' motion, the Court believes that the claims presented in the petition may only be raised in a motion pursuant to 28 U.S.C. § 2255. A federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to § 2255. *Pradeski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999). Such a motion must be made in the sentencing court. *Moore v. Smith*, No. 06-5078, 2006 WL 2036816,

at *1 (D.C.Cir. July 6, 2006); *Simmons v. Beshouri*, No. 06-380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006).  Petitioner was sentenced in the District of New Mexico.  This Court is without jurisdiction to consider plaintiff's claim.  Accordingly, it is

**ORDERED** that respondents' motion to transfer [10] is **GRANTED**.  It is

**FURTHER ORDERED** that the case is **TRANSFERRED** to the United States District Court for the District of New Mexico.


JAMES ROBERTSON
United States District Judge